**AMES READY–MIX CONCRETE, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19327.

United States Court of Appeals
Eighth Circuit.

June 5, 1969.

---

13.  See note 13 on page 1158.

D. R. Newbrough, of Hegland, Newbrough, Johnston & Brewer, Ames, Iowa, for petitioner; Daniel G. Jacobowski, of Jacobowski, Kenney & Conway, St. Paul, Minn., with him on the brief and reply brief.

Corinna Lothar Metcalf, Atty., N.L.R.B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Nancy M. Sherman, Atty., N.L.R.B., with her on the brief.

Before BLACKMUN, MEHAFFY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This is the third case decided today [1] involving the discharge of a single employee for union activities. It is before this Court on petition of Ames Ready-Mix Concrete, Inc., to set aside an order of the National Labor Relations Board, reported at 170 N.L.R.B. No. 174, 69 L.R.R.M. 1029 (1968). The Board requests that its order be enforced.

We have reviewed the record carefully and conclude that there is substantial evidence on the record as a whole to support the Board's conclusion that Ames violated §§ 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., by discharging Roger Thornton for Union activities.

Ames knew that Thornton was actively engaged in attempting to organize the employees in the plant in which he worked. It discharged Thornton without warning shortly after it learned of his Union activities.

Ames, in a letter to the Board's Regional Office, stated that Thornton was discharged primarily for failing to clean his concrete mix truck notwithstanding repeated warnings. Ames also stated, as background information, that Thornton was unnecessarily arrogant, curt and discourteous in relations with customers and that he failed to pay the company for items purchased from it.

The latter two reasons were not mentioned to Thornton when he was discharged, nor were they strongly urged before the Board. The Board properly credited Thornton's denial of the specific incident of alleged discourtesy and his testimony that customers had requested him over other drivers. The Board also properly credited Thornton's uncontradicted testimony that he had twice requested the company's bookkeeper to tell him how much he owed and that she replied "that she had not yet figured it up and would let him know."

The Board was justified in finding that the principal reason for the discharge "that Thornton had been repeatedly warned to keep his truck clean and had failed to do so" was not true. The company testified that it repeatedly urged all of the drivers to keep their trucks clean, but there is substantial evidence in the record as a whole from which the Board could have concluded that Thornton's truck was at least as clean as the trucks driven by other employees and that if it was not clean on the day he was discharged, it was because it had been used almost continuously for a period of fifty-two hours.

The record thus supports the view that none of the reasons given by Ames were cause for discharging Thornton. The record also demonstrates that Thornton was a satisfactory employee who had been recommended for a promotion less than three weeks prior to his discharge.

---

1. The other cases are: Mead & Mount Construction Co. v. N.L.R.B., 411 F.2d 1154 (8th Cir. 1969); N.L.R.B. v. Frazier Inc., 411 F.2d 1161 (8th Cir. 1969).

This Court observed in N.L.R.B. v. Melrose Processing Co., 351 F.2d 693, 699 (8th Cir. 1965), " * * * when every other plausible motive has been eliminated and the reasons advanced are not persuasive, the union activity may well disclose the real motive behind the employer's action." In this case, we believe that the Board properly found the real motive to be Thornton's Union activities.

Affirmed.